1

2   DANIEL G. BOGDEN
    United States Attorney
3   BRADLEY W. GILES
    Assistant United States Attorney
    333 Las Vegas Blvd., South, Ste. 5000
4   Las Vegas, Nevada 89101
    (702)388-6300 / Fax: (702)388-6698
5

6

7                    *UNITED STATES DISTRICT COURT*

8                       *DISTRICT OF NEVADA*

9                              *-oOo-*

10  UNITED STATES OF AMERICA          )
                                      )
11              Plaintiff,            )       2:11-cr-0310-JCM-RJJ
                                      )
12      vs.                           )   GOVERNMENT'S RESPONSE TO
                                      )   DEFENDANT'S MOTION TO MODIFY
13  ANA MARTINEZ,                     )   PRETRIAL CONDITIONS OF
                                      )   SUPERVISION
14              Defendant             )
    _____)

15

16                          **CERTIFICATION**

17          Pursuant to LCR 12-1, undersigned counsel hereby certifies that this response is filed in a

18  timely manner.  The Defendant filed her "Motion to Modify Pre-Trial Conditions of Supervision" on

19  September 12, 2011.  Pursuant to Local Rule IB 3-2, the Government has 14 days from the date of

20  service to respond.  Fed. R. Civ. P. 6 governs the computation of that time, thus intermediate

21  Saturdays, Sundays and legal holidays are not excluded.  The Government's response is therefore due

22  on or before September 26, 2011.

23  **RESPONSE TO MOTION TO AMEND CONDITIONS OF PRE-TRIAL RELEASE**

24          The United States of America, by and through DANIEL G. BOGDEN, United States

25  Attorney, and BRADLEY W. GILES, Assistant United States Attorney, hereby submits the following

26  response to the Defendant's motion to amend the conditions of her pre-trial supervision.

1    The criminal complaint which was previously filed in connection with this matter contains

2    a comprehensive statement of facts in this case; that filing is incorporated herein by reference.  Within

3    her motion, Defendant Martinez is requesting that she be allowed to have contact with co-Defendant

4    Jacob Lill, claiming that he is her long-time boyfriend and that they resided together prior to their

5    arrest.

6    There are certainly valid reasons to grant a no-contact order in this case.  Such an order

7    functions to ensure, among other things, that the co-defendants no longer engage in joint criminal

8    activity, and it also disrupts the potential disbursement of associated assets which remain unaccounted

9    for at this time.  However, undersigned counsel is also aware that conditions of release should not be

10   unduly restrictive nor should they be aimed at disrupting significant relationships absent proper

11   justification.

12   In her motion, Ms. Martinez claims that, "Jacob Lill is Ms. Martinez's long time boyfriend

13   whom she shared a residence with before her indictment in this matter." (Def. Mo. at 1).  However,

14   Lill and Martinez were at separate locations at the time of their arrests.  Furthermore, both Lill and

15   Martinez have twice provided different home addresses during the booking process.  Specifically,

16   during both his state arrest on April 12, 2011, and pursuant to his federal arrest on August 3, 2011,

17   Jacob Lill was residing at 3390 Antique Rose Drive.  On those same occasions, Defendant Martinez

18   reported to the state arresting officers and to the U.S. Marshal's Service (respectively) that her home

19   address was located at 3301 Terra Bella, Las Vegas, Nevada.  Furthermore, although Lill frequently

20   drove Ms. Martinez' vehicle after the seizure of his Mercedes, despite frequent surveillance, Ms.

21   Martinez was never observed at Lill's residence nor was Lill observed traveling to or residing at

22   Martinez' residence.  Finally, on August 3, 2011, when the federal search warrant was conducted at

23   Lill's residence (where he was manufacturing the marijuana edibles and maintaining some proceeds

24   of the dispensaries) there was no indicia that Martinez was also residing at that residence.  The only

25   female clothing found there appeared to be that of an older female, believed to be Jacob Lill's mother.

26   . . .

2

Finally, Title 18, United States Code section 3142(f) states that in order for the Defendant to request the re-opening of a detention hearing, there must be new information which was, ". . . not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* The Defendant has not satisfied the threshold of presenting new information sufficient to justify a reconsideration of this Court's previous Order setting the conditions of her pre-trial release in this matter. Therefore, Defendant's request should be denied.

## CONCLUSION

The Defendant has failed to proffer new material information which is sufficient to justify a re-opening of the conditions of her pre-trial release. Thus, Defendant's request to modify the conditions of her pre-trial release should be denied.


DATED this, the 16th day of September, 2011

DANIEL G. BOGDEN
United States Attorney

/s/ Bradley W. Giles

BRADLEY W. GILES
Assistant United States Attorney

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that the undersigned has served counsel for Defendant Ana Martinez, Gabriel L. Grasso, Esq., with the foregoing by means of electronic filing.

/s/ Bradley W. Giles
_____
BRADLEY W. GILES
Assistant United States Attorney

3