

DANIEL G. BOGDEN
United States Attorney
JAMES E. KELLER
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438
Fax: (775) 784-5438

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANA MARTINEZ,<br><br>Defendant. | Case No. 2:11-CR-00310-JCM-RJJ<br><br>**PLEA AGREEMENT UNDER**<br>**FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and JAMES E. KELLER, Assistant United States Attorney, the defendant, ANA MARTINEZ, and the defendant's attorney, GABRIEL GRASSO, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

## I.    SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and ANA MARTINEZ, the defendant. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

1

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>.  The defendant knowingly and voluntarily agrees to plead guilty to Count One of the Superseding Information, charging a violation of 18 U.S.C. § 4, Misprision of a Felony.

B.   <u>Waiver of Trial Rights</u>.  The defendant acknowledges that she has been advised and understands that by entering a plea of guilty she is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the defendant is giving up:

1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.   The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.   The right to remain silent at such a trial, with assurance that her silence could not be used against her in any way;

4.   The right to testify in her own defense at such a trial if she so chooses;

5.   The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.   The right to have the assistance of an attorney at all stages of such proceedings.

C.   <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw her guilty plea after she has entered it in court.

D.   <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16. The United States will move to dismiss any additional charges pending against the defendant in this case at the time of sentencing.

## III.   ELEMENTS OF THE OFFENSE

<u>Count 1</u>:   The elements of Misprision of a Felony, in violation of 18 U.S.C. § 4 are:

1.    Beginning at an unknown time and continuing up to and including August 3, 2011, a federal felony was committed, namely, an agreement between two or more persons to distribute less than 50 kilograms of marijuana, a Schedule I controlled substance, as charged in Count One of the Indictment;

2.    The defendant had knowledge of the commission of that felony;

3.    The defendant failed to notify an authority* as soon as possible; and

4.    The defendant did an affirmative act, as charged in the Superseding Information, to conceal the crime.

*See* Pattern Crim. Jury Instr., 10th Cir. Criminal 2.08 (2011)(modified)

(No 9th Cir. Model Jury Instructions for Misprision of a Felony).

*An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury or a DEA special agent.

## IV.    FACTS SUPPORTING GUILTY PLEA

A.    The defendant will plead guilty because she is, in fact and under the law, guilty of the crime charged.

B.    The defendant acknowledges that if she elected to go to trial instead of pleading guilty, the United States could prove her guilt beyond a reasonable doubt as alleged in the sole count in the Superseding Indictment.  The defendant further acknowledges that her admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.    The defendant waives any potential future claim that the facts she admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D.    The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

At a time prior to March 25, 2011, and continuing up to and including August 3, 2011, the defendant agreed with co-defendants Jacob Lill, Edmund Schroback, Kyle Lair, Richard Wheaton, and Christopher Green to distribute marijuana in return for compensation in the District of Nevada.

Co-defendant Lill, whom the defendant was dating at the time, and co-defendant Schroback organized the business entities called "Completely Legal," "Completely Legal 2.0," and "Completely

3

Legal 3.0" in Nevada. As the defendant had observed, co-defendants Lill and Schroback managed Completely Legal, Completely Legal 2.0, and Completely Legal 3.0, each of which was in the District of Nevada. These Completely Legal entities were in the business of running and operating "medical marijuana" dispensaries in the Las Vegas area, where marijuana was distributed, either in the form of edibles or in traditional form for smoking, to other individuals, whom the defendants oftentimes referred to as "patients." Co-defendant Lill, with co-defendant Schroback, paid employees, such as the defendant and co-defendants Lair, Wheaton, and Green, who worked at these dispensaries in Las Vegas, District of Nevada. The defendants provided marijuana to clients, who they identified as "patients," in exchange for money, which they couched as "donations."

As part of this investigation, DEA agents and local police officers acting in an undercover capacity successfully purchased marijuana from the defendants at these Completely Legal dispensaries, without any physician's note prescribing this Schedule I controlled substance for any of them.

The defendant was present during the sale of 3.7 grams of marijuana, and a marijuana edible lollipop weighing 17.06 grams, to one of the undercover agents at the Completely Legal 2.0 dispensary on March 25, 2011.

On April 13, 2011, officers executed search warrants issued for the unlawful distribution of marijuana in this case at the following locations in Las Vegas, District of Nevada:

1. Completely Legal, 3655 South Durango, Suite #19, where 255 marijuana plants, marijuana grow equipment and paraphernalia, and computers were found;

2. Completely Legal 2.0, 6401 North Durango, Suite #120, where 5405 grams of marijuana, 200 clones, 183.2 grams of hash oil, 2094 grams of edibles believed to contain marijuana, and $2962 were recovered;

3. 3390 Antique Rose, which, at the time was the defendant's and co-defendant Lill's residence, where marijuana and hash were located throughout the premises, totaling in aggregate 5,211.88 grams of Tetrahydrocannabinol (THC), $7432 in cash, a $3000 check from medical cannabis of Colorado, 24/7 Private Vaults paperwork in the name of co-defendant Lill, a Completely Legal marketing plan, and paperwork addressed to co-defendant Lill that warned that the distribution of

4

1   marijuana was a federal violation during the execution of the search warrant at 3390 Antique Rose.

2   Based upon the evidence recovered at 3390 Antique Rose, officers obtained a search warrant

3   telephonically to search Box #1438 and Box #0081 at 24/7 Private Vaults, in Las Vegas, Nevada, on

4   April 13, 2011. The warrants were executed that same day. From Box #1438, investigators recovered

5   $63,825; from Box #0081, investigators recovered $17,650 and a 24/7 Vault contract in the name of

6   co-defendant Lill.

7           While the defendant was not present during the search of 3390 Antique Rose, as co-defendant

8   Lill's girlfriend, she had lived there at all relevant times and thus had observed several of these items,

9   including marijuana (in edible and smoking form), hash, and large amounts of money. The defendant

10   did not report her knowledge of any these items to any federal authority, such as any United States

11   Drug Enforcement Administration (DEA) agent.

12          The defendant was present during the execution of the search warrant at Completely Legal 2.0,

13   and therefore was on notice as to the illegality of the conduct. The defendant did not disclose to any

14   federal authority as soon as possible the federal crimes she knew had been, were being, and continued

15   to be committed. To that end, after the execution of these warrants on April 13, 2011, and under the

16   guidance of co-defendant Lill, the defendant agreed to continue to distribute marijuana with co-

17   defendants Lill, Schroback, Savino, Lair, and Green. More specifically, after these searches on April

18   13, 2011, the defendant agreed with her co-defendants to engage in and engaged in marijuana

19   distribution at the Completely Legal 2.0 dispensary, and at a new dispensary, known as Completely

20   Legal 3.0, which was located at 3650 South Eastern Avenue, Suite #100, Las Vegas, Nevada.

21          In each of the foregoing dispensaries, the defendants provided marijuana, a Schedule I

22   controlled substance, in edible form, or in traditional form for smoking, to other individuals, whom

23   they referred to as "patients," in exchange for U.S. currency, on frequent, if not daily, bases. The

24   defendants characterized the money received from the "patients" for the marijuana provided to them in

25   the dispensaries as "donations." The payments of the "donations" were actually in the nature of

26   payments for the marijuana, and the distribution of the marijuana was in violation of federal law.

27          The foregoing was also in violation of state law at the time. Neither co-defendant Lill, nor co-

28   defendant Schroback, applied for or obtained any Nevada medical marijuana cards at all times relevant

5

1    to this Indictment.  Nor was Completely Legal, Completely Legal 2.0, nor Mr. Lill's premises at 3390

2    Antique Rose, Las Vegas, Nevada, listed as authorized marijuana grow locations.

3         On June 24, 2011, a law enforcement officer acting in an undercover capacity successfully

4    purchased marijuana from co-defendant Green in the dispensary known as Completely Legal 3.0, 3650

5    South Eastern Avenue, Suite #100, Las Vegas, Nevada, which was opened by the defendants after the

6    execution of the foregoing search warrants on April 13, 2011.  On August 3, 2011, a search warrant

7    was executed at Completely Legal 3.0, where evidence, including 3.3 kilograms of marijuana, 307

8    plants, 35 kilograms of edibles, and $2585, was recovered.

9    **V.     COLLATERAL USE OF FACTUAL ADMISSIONS**

10        The facts set forth in Section IV of this Plea Agreement shall be admissible against the

11   defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose.  If the defendant does not

12   plead guilty or withdraws her guilty plea, the facts set forth in Section IV of this Plea Agreement shall

13   be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument

14   or representation offered by or on the defendant's behalf.  The defendant expressly waives all rights

15   under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section

16   IV of this Plea Agreement.

17   **VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

18        A.    <u>Discretionary Nature of Sentencing Guidelines</u>.  The defendant acknowledges that the

19   Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in

20   determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory,

21   and the Court has discretion to impose any reasonable sentence up to the maximum term of

22   imprisonment permitted by statute.

23        B.    <u>Offense Level Calculations</u>.  The parties stipulate to the following calculation of the

24   defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not

25   bind the Court, and agree that they will not seek to apply any other specific offense characteristics,

26   enhancements or reductions, except as other provisions of this plea agreement may specifically

27   provide for these matters:

28

Sole Count:  Misprision of a Felony, in violation of 18 U.S.C. § 4.
See USSG § 2X4.1 -  9 Levels Lower than the Underlying Offense, but in no event less than 4 or more than 19

Underlying Offense:
Conspiracy to Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846:

Under Relevant Conduct, USSG § 1B1.3, the amount of marijuana distributed by defendants in Completely Legal dispensaries was greater than 20 kilograms but less than 40 kilograms

Base Offense Level [USSG § 2D1.1(c)(11)]                    18

Minus 9 for plea to Misprision of a Felony,                  -9
USSG § 2X4.1

Reductions, subject to conditions met and arguments made:

If meets conditions set forth in USSG § 5C1.2(a)(1)-(5),
Then 2-level reduction warranted under USSG § 2D1.1(b)(16)    -2

Acceptance of Responsibility [USSG § 3E1.1]:                  -2

Adjusted Offense Level:                                        5

The defendant acknowledges that the statutory maximum sentence of three years imprisonment for the count to which she is pleading guilty limits the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions. There is no statutory minimum sentence.

C.    Reduction of Offense Level for Acceptance of Responsibility.    Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless she (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when she enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when she enters her guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when she enters her guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding her involvement or falsely

7

1  denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw her guilty plea;
2  (g) commits or attempts to commit any crime; (h) fails to appear in court; or, (i) if applicable, violates
3  the conditions of pretrial release.

4       If the defendant has an offense level of 16 or higher after application of specific offense
5  characteristics as to the plea of guilty to Count One of the Indictment, then the government will move
6  for an additional one-level reduction pursuant to USSG § 3E1.1(b) for acceptance of responsibility
7  before sentencing because the defendant communicated her decision to plead guilty in a timely manner
8  that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

9       D.    Defendant Reserves Right to Argue for a 2-Level Reduction Pursuant to
10             USSG § 2D1.1(b)(16) for Meeting the Requirements Under USSG § 5C1.2(a)(1) to (5)

11      The defendant reserves the right to argue that she meets the conditions set forth in USSG §
12  5C1.2(a)(1) to (5) and therefore qualifies for a 2-level reduction in her offense level pursuant to USSG
13  § 2D1.1(b)(16).  So long as the defendant has no more than 1 criminal history point, the government
14  will recommend to the Court that it find that the defendant has met the conditions set forth in USSG §
15  5C1.2(a)(1) to (5) to qualify for a 2-level reduction in her offense level pursuant to USSG §
16  2D1.1(b)(16).  In any event, the determination whether the defendant meets all the conditions set forth
17  in USSG § 5C1.2(a)(1) to (5) rests solely with the Court, and the decision the Court reaches is not
18  grounds upon which the defendant may withdraw her plea of guilty.

19      E.    No Recommended Adjustment for Defendant's Role.  The defendant waives the right to
20  argue that she qualifies for any reduction in her offense level under USSG § 3B1.2, Mitigating Role,
21  as she is pleading to a substantially less culpable offense as set forth in Application Note 3(B) to
22  USSG § 3B1.2.  In exchange, the government will not argue that the defendant deserves any
23  enhancement under USSG § 3B1.1, Aggravating Role.  In any event, the decision as to whether the
24  defendant warrants an enhancement or reduction or no adjustment to her offense level under USSG §
25  3B1.1 and USSG § 3B1.2 rests solely with the Court, and whatever decision the Court may reach is
26  not grounds upon which the defendant could withdraw her plea of guilty.
27  ///
28

8

F.    No Other Known Adjustments Under Chapters Two and Three of the Sentencing Guidelines.

The parties are not aware of any other enhancements or reductions under Chapters Two and Three of the Sentencing Guidelines which may apply to the defendant for sentencing in this case.

G.    Criminal History Category.  The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history.  The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

H.    Relevant Conduct.  The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

I.    Additional Sentencing Information.  The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances.  Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw her guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation.  The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw her guilty plea.

J.    Substantial Assistance.

The defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning the defendant's knowledge of all other persons who are committing or have committed offenses against the United States or any state, and agrees to cooperate fully with the United States and any state and local agencies in the investigation and prosecution of

9

such persons.  The defendant agrees that the information provided can be used against her to establish relevant conduct for sentencing purposes.

In the event the United States decides in its sole discretion that the assistance provided by the defendant amounts to "substantial assistance" pursuant to USSG § 5K1.1, the United States will timely file a motion for downward departure from the applicable Sentencing Guidelines.  The Court has the sole discretion to grant such a motion.

The defendant agrees that a motion for downward departure based on substantial assistance shall not be made under any circumstances unless the defendant's cooperation is deemed to be substantial assistance by the United States.  The United States has made no promise, implied or otherwise, that the defendant will be granted a departure for substantial assistance.  Further, no promise has been made that such a motion will be made even if the defendant complies with the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States.

The United States agrees to consider the totality of the circumstances, including but not limited to, the following factors, in determining whether the defendant has provided substantial assistance which would merit a motion for downward departure:

      a.    The significance and usefulness of the defendant's assistance;

      b.    The truthfulness, completeness, and reliability of any information  or testimony provided by the defendant;

      c.    The nature and extent of the defendant's assistance;

      d.    Any injury suffered, or any danger or risk of injury to the defendant or the defendant's family resulting from the defendant's assistance; and

      e.    The timeliness of the defendant's assistance.

The United States reserves the right to make a specific recommendation to the Court regarding the extent of such a departure.  The defendant is free to argue and make specific recommendations regarding the extent of any departure based on substantial assistance.  The defendant understands and agrees that the final decision as to how much of a departure, if any, is warranted rests solely with the Court.

The defendant agrees that if the United States determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and the defendant's sentencing, or has otherwise violated any provision of this agreement, then (a) the agreement and any of its obligations hereunder may be voided by the United States in its sole discretion, (b) the defendant may not withdraw the guilty plea, and (c) the defendant shall be subject to prosecution for all federal criminal offenses of which the United States has knowledge, including but not limited to, perjury and obstruction of justice. Any such prosecution may be based upon any information provided by the defendant or leads derived therefrom.

**VII.   APPLICATION OF SENTENCING STATUTES**

A.   <u>Maximum Penalty</u>.  The maximum penalty for Misprision of a Felony, in violation of 18 U.S.C. § 4, is three years in prison, a fine of $250,000, or both. *See* 18 U.S.C. § 4; 18 U.S.C. § 3571.

B.   <u>Factors Under 18 U.S.C. § 3553</u>.  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.   <u>Parole Abolished</u>.  The defendant acknowledges that her prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.   <u>Supervised Release</u>.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release of not more than 1 year. *See* 18 U.S.C. § 3583(b). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment beyond the statutory maximum prison sentence of 3 years imprisonment.

E.   <u>Special Assessment</u>.  The defendant will pay a $100.00 special assessment for the felony count to which she pleads guilty at the time of sentencing.

///

11

**VIII.   POSITIONS REGARDING SENTENCE**

On condition that the defendant does not violate any terms of this Plea Agreement and the defendant satisfies the terms of Acceptance of Responsibility as set forth herein, the government agrees to recommend a sentence in the low-end of the applicable Sentencing Guidelines range, and specifically to a term of probation, as calculated in this Plea Agreement. The defendant acknowledges that the Court does not have to follow that recommendation.

Notwithstanding its agreement to recommend a sentence within the applicable Sentencing Guidelines range, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant reserves the right to argue for a sentence of probation as within the applicable Sentencing Guidelines range as determined by this Plea Agreement and pursuant to the factors set forth in 18 U.S.C. § 3553(a). If the defendant argues for a sentence below the Sentencing Guidelines range as determined by the Court pursuant to the factors set forth in 18 U.S.C. § 3553(a), then the government (a) is not bound to recommend a low-end sentence of the Sentencing Guidelines range as calculated in the Plea Agreement, (b) may argue for a sentence anywhere within the Sentencing Guidelines range as calculated in this Plea Agreement, and (c) will not argue for a sentence greater than the Sentencing Guidelines range as calculated in this Plea Agreement.

**IX.   RESTITUTION**

The parties agree there is no restitution to be paid by the defendant pursuant to 18 U.S.C. § 3663 in this case.

**X.   FORFEITURE**

The defendant knowingly and voluntarily:

A.      Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of:

      (1)      $81,475.00 in United States Currency (seized from 24/7 Private Vaults, based on keys recovered from Jacob Lill on or about 4/13/11);

12

    (2)   $4105.00 in United States Currency (seized from Edmund J. Schroback representing the day's drug sales of marijuana by Completely Legal 1.0 on or about 4/13/2011);

    (3)   $2962.00 in United States Currency (seized from the cash register at Completely Legal 2.0 on or about 4/13/2011);

    (4)   $2585.00 in United States Currency (seized from the cash drawer at Completely Legal 2.0 on or about 8/3/2011);

    (5)   $1314.00 in United States Currency (seized from master bedroom of Jacob Lill's home on or about 8/3/2011);

    (6)   $12,056.00 in United States Currency (seized from bag in Jacob Lill's vehicle at his / the defendant's home on or about 8/13/2011);

    (7)   $2567.00 in United States Currency (seized from cash drawer at Completely Legal 3.0 on or about 8/3/2011);

    (8)   $7432.00 in United States Currency (seized from Jacob Lill's residence on or about 4/13/2011);

    (9)   $2150.00 in United States Currency (seized from Bank of America Account No. 501012187203 in the name of PAW, Inc., seized on or about 8/5/2011);

    (10)   $2665.00 in United States Currency (seized from Bank of America Account No. 501012645570 in the name of EOS Ventures, LLC, seized on or about 8/5/2011);

    (11)   2007 Mercedes CLK350, VIN: WDBTJ56H57F215349, including approximately $18,000 in upgrades, including a custom audio system, seized on or about 4/13/11;

(collectively, the "property");

B.    Abandons or forfeits the property to the United States;

C.    Relinquishes all right, title, and interest in the property;

13

1    D.    Waives her right to any abandonment proceedings, any civil administrative forfeiture
2  proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the
3  property ("proceedings");

4    E.    Waives service of process of any and all documents filed in this action or any
5  proceedings concerning the property arising from the facts and circumstances of this case;

6    F.    Waives any further notice to her, her agents, or her attorney regarding the abandonment
7  or the forfeiture and disposition of the property;;

8    G.    Agrees not to file any claim, answer, petition, or other documents in any proceedings
9  concerning the property;

10    H.    Waives the statute of limitations, the Civil Asset Forfeiture Reform Act ("CADRA")
11  requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due
12  process requirements of any proceedings concerning the property;

13    I.    Waives her right to a jury trial on the forfeiture of the property;

14    J.    Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment
15  of the property in any proceedings, including but not limited to (1) constitutional or statutory double
16  jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments
17  Clauses of the Eighth Amendment to the United States Constitution;

18    K.    Agrees to the entry of an Order of Forfeiture of the property to the United States;

19    L.    Agrees that forfeiture is immediately due and payable and subject to immediate
20  collection by the United States;

21    M.    Agrees and understands the abandonment, the civil administrative forfeiture, the civil
22  judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any
23  assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon
24  the defendant in addition to the abandonment or the forfeiture; and

25    N.    The defendant acknowledges that the amount of the forfeiture may differ from, and
26  may be significantly greater than, the amount of restitution.

27

28

**XI.  FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning her assets and her ability to pay.  The defendant will surrender assets she obtained directly or indirectly as a result of his crimes, and will release funds and property under her control in order to pay any fine, forfeiture, or restitution ordered by the Court.

**XII.  THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

A.  <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant acknowledges that:

(1)  She has read this Plea Agreement and understands its terms and conditions;

(2)  She has had adequate time to discuss this case, the evidence, and this Plea Agreement with her attorney;

(3)  She has discussed the terms of this Plea Agreement with her attorney;

(4)  The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5)  She was not under the influence of any alcohol, drug, or medicine that would impair her ability to understand the Agreement when she considered signing this Plea Agreement and when she signed it.

The defendant understands that she alone decides whether to plead guilty or go to trial, and acknowledges that she has decided to enter her guilty plea knowing of the charges brought against her, her possible defenses, and the benefits and possible detriments of proceeding to trial.  The defendant also acknowledges that she decided to plead guilty voluntarily and that no one coerced or threatened her to enter into this Plea Agreement.

B.  <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

## XIII.  ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions.  It constitutes the entire agreement negotiated and agreed to by the parties.  No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN
United States Attorney

DATE 10/11/13

JAMES KELLER
Assistant United States Attorney

DATE 10/16/13

GABRIEL GRASSO, Esq.
Counsel for the Defendant

DATE 10/16/13

ANA MARTINEZ,
Defendant

16